AMERICAN VULCANIZED FIBRE COMPANY, a corporation existing under the laws of the State of Delaware, defendant below, plaintiff in error, *vs.* WILLARD SAULSBURY and HUGH M. MORRIS, late trading under the firm name of SAULSBURY AND MORRIS, and ARTHUR J. SELFRIDGE, plaintiffs below, defendants in error.

(*June* 15, 1915.)

CURTIS, Chancellor, PENNEWILL, Chief Justice, BOYCE and HEISEL, J. J., sitting.

*William S. Hilles* for plaintiff in error.
*James I. Boyce* for defendants in error.
Supreme Court, June Term, 1915.

Error to Superior Court for New Castle County, No. 1, January Term, 1915.

ACTION BELOW IN ASSUMPSIT (No. 69, March Term, 1914) by Willard Saulsbury and others against the American Vulcanized Fibre Company to recover for professional services. Judgment for plaintiffs and defendant brings error. Affirmed.

The facts appear in the report of the case below, *ante* 182, 91 *Atl.* 536.

BRIEF OF PLAINTIFF IN ERROR.

The only questions submitted are that the court below erred:

1. In not allowing under the contract, as shown, a deduction of three thousand dollars, representing the amount paid to the plaintiffs below.

2.   In allowing the plaintiffs twenty per cent. upon the seventeen hundred and fifty dollars dividends on the preferred stock held by Mrs. Taylor, which dividends were never paid to her and never passed from the possession of the Fibre Company.

Prior to the tenth day of June, 1913, the plaintiffs below had entered into the relation of solicitors for the Fibre Company and had commenced to act as such solicitors without any arrangement or agreement for a retaining fee, or any agreement fixing the compensation.   The contract of employment was complete, as in such case the law implied that the plaintiffs below were entitled to receive for their services what the same were reasonably worth.   *Stephens v. Monges*, 1 *Harr.* 127, *Rogers v. Randel*, 2 *Harr.* 499;   *Bayard v. McLane*, 3 *Harr.* 139.

Thereafter, on the twelfth day of June, the sum of three thousand dollars was paid by the Fibre Company to the plaintiff below "as retainer for services in the cause of this Company against the Executors of the late Frank Taylor, and others."

On the ninth day of July a proposition was made on behalf of the solicitors and accepted by a resolution of the directors of the Fibre Company which provided for "compensation for their services at the rate of one hundred dollars per day for each day spent by them in preparation, prosecution and trial thereof from *the inception to the termination thereof*, and in the event that 20 per centum of the amount recovered in said matters exceeds the amount so paid to them for their services, that they shall be paid a further sum equal to the difference between the sums so paid from time to time for their services and twenty per centum of the amount so recovered."

The acceptance of the proposition, when communicated to the plaintiffs below, was accompanied by the statement as to the understanding of the Fibre Company, that "*It is understood that the three thousand dollars paid to you already by this company is a part of the fees contemplated by this resolution.*"

It is axiomatic that there can be no express contract between parties unless the parties intend to contract about the same subject-matter;   that is, unless the minds of the parties meet on a common ground.   So where a proposition is made and accepted

in different terms, or there is any alteration of the terms proposed, there is no contract. If a party continues to act on the basis of a modified acceptance of an offer, his conduct in so acting will be construed to be an acceptance of the contract as modified. See cases collected in 7 *Halsbury's Laws of Eng.*, 350, 354; *U. S. Digest., Tit. Contracts*, § 101; 1 *Elliott on Contracts*, § 47; 1 *Beach on Modern Law of Contracts*, § 57, 58; 2 *Cyc.* 173; 9 *Cyc.* 258, 269, 270; *McKell v. Chesapeake and Ohio Railway Co.*, 175 *Fed.* 321.

The mere adoption of the resolution by the directors of the Fibre Company did not constitute a contract unless communicated to the plaintiffs below. 7 *Halsbury's Laws of England*, 349, and cases cited; *Cozart v. Herndon*, 19 *S. E.* 158; *Kalamazoo etc., Co. v. Macalister*, 40 *Mich.* 84; *Warren v. Danie*, 73 *Pa. St.* 433; *Emerson v. Graff*, 29 *Pa. St.* 358; *Gabriel v. Bank of Suisun*, 78 *Pac.* 736.

In the notice of acceptance the plaintiffs below had knowledge that the Fibre Company understood that the three thousand dollars already paid was to be considered as a part payment of the amount agreed to be paid under the contract of employment. A contracting party will be held to that meaning of the words employed which he knew the other party apprehended the words to bear, the words of the contract themselves being susceptible of such meaning. *Gucione v. Scott*, 47 *N. Y. Supplement*, 475; *Af'd.* 53 *N. Y. Supplement*, 462; *Spande v. Western Life Indemnity Co.*, 136 *Pac.* 1189; *Counts v. Medley*, 146 *S. W.* 465; *Fearnley v. Fearnley*, 98 *Pac.* 819; *Smead, etc., Co. v. Trust Co.*, 225 *Ill.* 442, 453, 454; *McCarthy v. Ins. Co.*, 178 *Ill. Appeals* 502; *Beckham v. Scott*, 142 *S. W.* 80; *San Jacinto Oil Co. v. Ft. Worth, etc., Co.*, 93 *S. W.* 173; *Wells v. Carpenter*, 65 *Ill.* 447; *McPhen v. Young*, 21 *Pac.* 1014; *St. Louis, etc., Co. v. Tierney*, 5 *Colo.*, 582; 2 *Parsons on Contracts*, 498, 564, 566; 2 *Page on Contracts*, § 1127; 9 *Cyc. p.* 578, note 99; 11 *Cent. Dig.* § 730 (a); 5 *Dec. Dig.*, § 147 (1)c; *Cowles Elec. S. & A. Co. v. Lowrey*, 79 *Fed.* 331; *Allen-West Com. Co. v. Patillo*, 90 *Fed.* 628; *Leete v. Pacific Mill & Mining Co.*, 88 *Fed.* 957; *Af'd.* 94 *Fed.* 968; *St. Paul M. & M. Ry. Co. v. W. U. Tel. Co.*, 118 *Fed.* 497, at 516;

*Brent v. Lilly Co.*, 174 *Fed.* 877; *Scully v. U. S.* 197 *Fed.* 327, at 343.

The language of the proposition to the effect that the compensation was to cover charges "in the preparation, prosecution and trial of this cause from the inception to the termination thereof," was capable, in the minds of the parties, of the understanding that the three thousand dollars already paid should be taken as part of that compensation.

The three thousand dollars which was paid nominally as a retainer was in no sense a retaining fee. 2 *Thornton on Attorneys at Law*, § 406, and cases cited.

There is no contract or custom shown in this case or of which this court has any knowledge for the payment of a retaining fee.

In the absence of any express authority, the secretary of a corporation is presumptively authorized to be the mouthpiece of the corporation in its communications with third persons. 2 *Thompson on Corporations*, § 1509, 1512 and cases cited; *Kelly v. Ning Young Benev. Assn.*, 84 *P.* 321, 2 *Cal. App.* 460; *Siracusa v. Miller Const. Co.*, 43 *Pa. Super. Ct.* 466.

In this case the Secretary was authorized by the Board to convey to the plaintiffs below the understanding of the directors as to the meaning of their acceptance of the proposition.

A corporation may act and confer authority upon an agent to act without the adoption of a formal resolution. 3 *Clark and Marshall on Corporations*, § 683; 3 *Cook on Corporations*, § 714, and cases cited.

It would be monstrous if one party to a contract, knowing that a construction had been placed upon such contract, or any of its provisions, by the other party, and had been assented to by the other party upon such understanding, were permitted to place upon the contract, or to ask the Court to place upon the contract, a construction which he knew was not placed upon it by the other party.

The minutes of a directors' meeting are only *prima facie* evidence of what took place at such meeting, and it may be shown by parol evidence that other things took place, or even that the minutes do not correctly state what transpired. *Rose v.*

*Independent, etc.*, 215 *Pa. St.*, 69; *State v. Guertin*, 119 *N. W.* 43; *Just v. Idaho, etc., Co.*, 102 *Pac.* 381; *Gilson, etc., Co. v. Hampton*, 51 *Cal.* 341; *Northland, etc., Co. v. Stephens*, 133 *N. W.* 93; *Goodwin v. U. S. etc. Co.*, 24 *Conn.* 591; *St. Louis, etc. Co. v. Tiernan*, 15 *Pac.* 544; *Gearhart v. Dixon*, 1 *Pa. St.* 224.

With regard to the second question submitted, it will be noted that the twenty per cent. provided for in the contract of employment was "twenty percentum of the gross amount *recovered.*" The word *"recovered"* means "to get back"; "to retake into possession." *Century Dictionary, Webster's Dictionary and Worcester's Dictionary*; *Leslie v. York*, 66 *S. W.* 751, 112 *Ky.* 712; *Fisher v. Mylius*, 26 *S. E.* 309.

This sum was never the property of any one excepting the Fibre Company. It never passed from the possession of the Fibre Company; it was never "recovered" from any one.

Contracts between an attorney and client based upon a percentage of the amount recovered are not favored by the courts and must be strictly construed in favor of the client. *Bayard v. McLane*, 3 *Harr.* 139, 227; 4 *Cyc.* 988 and cases cited; 2 *Thornton on Attorneys at Law*, § 419 and cases cited.

Even if such a contract were not subject to any rules of strict construction, the court could not apply to it a meaning contrary to the intention of one of the parties where such intention had been communicated at the time of the making of the contract to the other party.

### BRIEF OF DEFENDANTS IN ERROR.

The first question submitted is whether the item of three thousand dollars paid by the Fibre Company to the plaintiffs below on the twelfth day of June, A. D. 1913, as a retainer, was a partial payment under the terms of the contract entered into between the parties on the ninth day of July.

An express contract of retainer was entered into by the resolution of June 12 and completed by the payment of three thousand dollars. Thus far, the transaction was one of retainer ·and nothing had been said or done by either party respecting compensation for the services to be rendered in the matter.

The rule as to retainers as distinguished from specific services of attorneys-at-law is that upon making an engagement for services, the attorney is to be paid a reasonable compensation for being so bound. When a retainer is asked and paid, its purpose and its relation to payment for services subsequently rendered, have a clear and certain meaning in the law. *Blair v. Columbian Fireproofing Co.*, 191 *Mass.* 333; *Union Surety Co. v. Tenney*, 200 *Ill.* 349, 65 *N. E.* 688; *Knight v. Russ*, 77 *Cal.* 410, 19 *Pac.* 698; *Perry v. Lord*, 111 *Mass.* 504; *Eggleston v. Boardman*, 37 *Mich.* 14; *Roche v. Baldwin*, 143 *Cal.* 186, 76 *Pac.* 956; *Aldrich v. Brown*, 103 *Mass.* 527; 4 *Cyc.* 926, 982; 34 *Cyc.* 1685, 1686 and cases cited.

Apart from the merits of the case an obvious objection to a deduction of three thousand dollars is that the only plea under which such a deduction could have been shown is that of set off. The postscript may have shown an understanding on the part of *someone* that the three thousand dollars already paid was a part of the fees contemplated by the resolution, yet neither in fact nor in law was it notice to the plaintiffs below of such an understanding on the part of the Fibre Company.

Even if it was the understanding of each member of the board of directors and if each member likewise understood that the secretary had been given authority to add the contents of the postscript to his letter, they did not express that understanding in the resolution by which they unqualifiedly and unequivocally accepted the terms of the offer of the plaintiffs below and fixed and limited the secretary's powers and duties pertaining thereto and consequently they did not convey their understanding to the plaintiffs below, so that in law there could have been a meeting of minds upon the point.

Parol evidence to change the effect of an unambiguous resolution passed by an authorized board of a corporation is inadmissible, or if admitted, is without effect. *Lipsett v. Hassard*, 158 *Mich.* 509; *Gould, et al. v. Norfolk Lead Co.*, 63 *Mass.* 338; *Railroad v. Wood*, 61 *N. H.* 418.

The authority of the Secretary was limited by the resolution of acceptance and the resolution was notice that the secre-

tary had no authority to modify in any way the terms of this unqualified acceptance. *Mattoax Leather Company v. New Castle Leather Co.*, 2 *Boyce* 327.

The authorities cited for the plaintiff in error with regard to the acceptance of contracts, the communication of such acceptances and the construction of contracts are not disputed where at all applicable.

Under the reasonable construction contended for by the plaintiff in error, if the number of days spent by the plaintiffs below had been less than thirty and the amount recovered less than fifteen thousand dollars, the Fibre Company could have claimed the return of a part of the three thousand dollars paid as a retainer, as money had and received to the company's use. The plaintiff in error cannot be heard to say that the three thousand dollars was in no sense a retaining fee, for the company will also be held to that meaning of the words it has employed which it knew the other party apprehended the words to bear.

When a resolution has been adopted, accepting unqualifiedly the terms of an offer and conferring a definite authority upon the agent of the corporation with regard to the communication of the acceptance, both the corporation and its agent are bound thereby.

When an express contract is entered into which is unambiguous in its terms, no presumptions are indulged in and there is no room for construction. *Elliott on Contracts*, § 1477, and cases cited.

The second question submitted is whether the plaintiffs below are entitled to recover under the contract of July 9, 1913, a percentage on the sum of seventeen hundred and fifty dollars, accrued and unpaid dividends upon the five hundred shares of stock returned by Mary E. Taylor, the payment of which dividends were released by her in accordance with the decree of the Chancellor.

Before the decree, this amount was a right or credit of Mrs. Taylor, for which she might have brought suit, or which might have been attached on execution issued against her. This amount had been appropriated and set aside by the corporation for the

purpose of payment to Mrs. Taylor and was not available for the use of the corporation for any purpose except the payment of that dividend, but upon the execution of the release by Mrs. Taylor, it was turned back into the general funds of the corporation. The release constituted recovery by the defendant below as completely as though it acquired an equal amount of money in some other way. *Elk Valley Coal Mining Company v. Willes and Meredith*, 149 *Ky.* 449, 149 *S. W.* 894; *Wolfe v. Mack*, 142 *N. Y. S.* 433.

The only question raised in the case at bar is the construction of the contract for compensation for services as made. To intimate that the contract of *retainer* was not such a contract because the defendant corporation did not understand the word and that the contract for services should be peculiarly construed because the Board of Directors did not understand the necessity for corporate action, and to insinuate that the defendants in error are attempting to enforce literally a contract knowingly founded on the ignorance and misunderstanding of the members of the Board of Directors, is to reflect upon the integrity of attorneys whose qualifications and standing are unimpeachable, and upon the business capabilities of the Board of Directors of the Fibre Company.

PER CURIAM.—The court have given this case the most careful consideration of which they were capable, and have endeavored to reach a unanimous conclusion on all the points raised by the record. The decision of the court below is unanimously approved, except the allowance of the sum of three thousand dollars to the plaintiffs as a retainer, in addition to, and not as a part of, their compensation provided for under the resolution adopted by the defendant company. Upon this question the court are equally divided. Therefore the judgment of the court below is affirmed.